IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **DEREK J. HARPER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09CV736 |
| | ) | |
| **STATE OF NORTH CAROLINA**[1], | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody and the $5 filing fee. For the following reason, the petition cannot be further processed.

1. Petitioner did not complete the forms: Petitioner is required to specify his grounds for relief *and* set out the facts which Petitioner claims support each ground. *See* Rules Governing Section 2254 Cases 2(c). The Court will not search for facts in briefs or other documents. The facts must be set out in paragraph 12 of the § 2254 forms with at least some level of specificity. Petitioner must set out the facts he wishes to use in support of his claims instead of simply referring the Court to multiple documents in the state court record.

---

[1]The Court notes that Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr., who is currently the Secretary of the North Carolina Department of Correction, as respondent.

Because of this pleading failure, this particular petition would ordinarily be filed and then dismissed without prejudice to Petitioner filing a proper petition. However, it appears that Petitioner's time for filing his petition is near expiration. For that reason, the best course of action is to file this action, but stay it to allow Petitioner to file a new petition correcting the problems with his current petition. To further aid Petitioner, the Clerk is instructed to send new § 2254 forms and instructions for filing a § 2254 petition, which Petitioner should follow.

Petitioner has also filed a motion for appointment of counsel. There is no absolute right to an attorney in a civil case. *DesRosiers v. Moran*, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of Petitioner to prosecute it. *Id.*; *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). This analysis also applies to persons seeking habeas corpus relief, *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991)(no evidentiary hearing), and it includes post-hearing motions, *United States v. Seretti*, 754 F.2d 817 (9th Cir. 1985)(petition for certiorari). After reviewing these factors, the Court determines that Petitioner does not, at this time, meet this test and he will, therefore, be required to prosecute this action by himself.

**IT IS THEREFORE ORDERED** the Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel is denied.

**IT IS FURTHER ORDERED** that this action be filed, but then stayed for thirty days

to allow Petitioner to submit an amended petition correcting the defects noted above.  Upon submission of an amended petition, this case will be referred to the undersigned for further screening.

                    /s/ Donald P. Dietrich
**Donald P. Dietrich, U.S. Magistrate Judge**

September 30, 2009